09-4081-cv
MacInnis v. Town of Orange

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
      JOSÉ A. CABRANES,
                <u>Circuit Judge</u>,
      MARK R. KRAVITZ,[*]
                <u>District Judge</u>.


- - - - - - - - - - - - - - - - - - - - - -X
DONALD MACINNIS,

      <u>Plaintiff-Appellant</u>,

      -v.-                            09-4081-cv

TOWN OF ORANGE,

---

[*] The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

1

        **Defendant-Appellee**.
- - - - - - - - - - - - - - - - - - - - - -X


**FOR APPELLANT:**      TARA L. SHAW (Thomas G. Parisot, <u>of</u>
                        <u>counsel</u>), Secor, Cassidy & McPartland,
                        P.C., Waterbury, CT.


**FOR APPELLEE:**       DAVID S. MONASTERSKY, Howd & Ludorf, LLC,
                        Hartford, CT.


Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Donald MacInnis appeals from a September 11, 2009 judgment of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>), granting summary judgment for Defendant-Appellee Town of Orange (the "town") on MacInnis's procedural due process claim brought under 42 U.S.C. § 1983 regarding his dismissal from the position of Director of Park and Recreation.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A grant of summary judgment is reviewed <u>de novo</u>, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought."  <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

MacInnis alleges that his termination deprived him of a constitutionally protected property interest without due process of law, in violation of 42 U.S.C. § 1983.  <u>See</u> <u>McMenemy v. City of Rochester</u>, 241 F.3d 279, 285-86 (2d Cir. 2001).  Property interests "are defined by existing rules or understandings that stem from an independent source such as state law."  <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577 (1972).  "In the employment context, a property interest arises only where the [employer] is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship without cause."  <u>S & D Maint. Co. v. Goldin</u>, 844 F.2d 962, 967 (2d Cir. 1988) (emphasis omitted). Under Connecticut law, courts "have occasionally found an

implied promise to discharge only for cause in the circumstances of particular employment relationships," including "in the representations contained in an employee relations manual or handbook."  See Magnan v. Anaconda Indus., Inc., 193 Conn. 558, 564 (1984).

MacInnis argues that the interplay among several dismissal provisions in the town's Rules and Regulations handbook raises an implied promise to discharge him only for cause, thereby creating a property interest.  We disagree.

First, MacInnis's belief that he could be fired only for cause is a "unilateral expectation" that is insufficient to establish "a legitimate claim of entitlement" to a property interest.  Roth, 408 U.S. at 577.

Second, the handbook contains many strictures and provisions bearing upon employees subject to it, such as a six-month "probationary period" (during which a prospective employee must be approved, in writing, by the department head before "retain[ment] as a regular employee in the position," Joint Appendix at 112).  MacInnis's claim that he is protected by the handbook's limitations on dismissal is weakened because he offered no evidence that the town followed these other handbook procedures with him.

Third, a town officer sent letters informing MacInnis that his reappointment was being considered (in December 1999) and that he had been reappointed (in February 2000).  The letters, which reflect the town's understanding that MacInnis was an appointed official and an intent that he be subject to appointment, negative any possible promise of tenure implied in the handbook.  MacInnis neither protested nor sought clarification of these clear indications that the town considered him an appointed official.

Fourth, the town's distribution of the handbook to MacInnis proves nothing, because according to its terms it must be distributed to all employees, not just those whose employment it governs.  In any event, one would expect MacInnis to need a copy of the handbook to discharge his supervisory duties over employees covered by its terms.

Because MacInnis had no protected property interest in his employment, his termination did not violate his due process rights.  We need not consider MacInnis's argument that Director of Park and Recreation is not an Appointed

Office under Article IX of the town's charter, because the town's belief to the contrary sufficed to negative any implied offers of tenure, and any property right that may have arisen if the position were an Appointed Office under the charter would have lapsed when MacInnis's formal term ended in 2001--over six years before his termination.

We have considered all of MacInnis's arguments and conclude that they lack merit.  For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.


                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK
                                    By: